**UNITED STATES of America, Appellee,**

v.

**Daniel D. ROSTENKOWSKI, Appellant.**

Nos. 94–3158, 94–3160.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 17, 1995.

On Petition for Rehearing.

Before EDWARDS, Chief Judge,
BUCKLEY and GINSBURG, Circuit
Judges.

Supplemental Opinion for the Court filed
by Circuit Judge GINSBURG.

GINSBURG, Circuit Judge:

This case was argued on March 17, 1995,
and decided in an opinion issued on July 18,
1995. *United States v. Rostenkowski,* 59
F.3d 1291 (D.C.Cir.1995). Between those
two dates, the Supreme Court decided *Hubbard v. United States,* —— U.S. ——, 115
S.Ct. 1754, 131 L.Ed.2d 779 (1995), in which
it concluded that the Congress is not a "department or agency of the United States"
within the meaning of 18 U.S.C. § 1001,
which prohibits making a false or misleading
statement to any such entity. In six counts
of the indictment brought against Rostenkowski it is alleged that he violated § 1001
when he made certain statements either to
the House Disbursing Office or to the Federal Election Commission. In order to avoid
prematurely reaching Rostenkowski's challenge to the constitutionality of § 1001 as
applied to a Member of Congress, we remanded those six counts to the district court
to determine in the first instance whether
any of them survives. *Hubbard.* 59 F.3d at
1302.

The Government now petitions for rehearing, urging the court, among other things, to
reconsider the import of *Hubbard* and to
address the constitutional issues that Rostenkowski raises relating to § 1001. According
to the Government, we would thereby conserve judicial resources and potentially avoid
the delay that would result if Rostenkowski
were to file another interlocutory appeal after the district court rules upon these issues.
We decline the Government's invitation to
reach these issues on the present appeal.

In *United States v. Bramblett,* 348 U.S.
503, 75 S.Ct. 504, 99 L.Ed. 594 (1955), the
Supreme Court had held that the term "department" as used in § 1001 refers to all
three branches of Government. In *Hubbard*
the Court overruled *Bramblett* to hold that
the term "department" refers only to a "component of the Executive Branch." —— U.S.
at ——, 115 S.Ct. at 1757–59. With respect
to the term "agency" in § 1001, upon which
*Bramblett* was silent, the Supreme Court
held in *Hubbard* only that a court is not an
"agency," *id.* at ——, 115 S.Ct. at 1757; it
"express[ed] no opinion as to whether any
other entity within the Judicial Branch might

be an 'agency,' " *id.* at —, 115 S.Ct. at 1758 n. 3. By parity of reasoning, it would seem that the Congress is not an "agency" as that term is used in § 1001. *See id.* at —, 115 S.Ct. at 1761 ("it would be curious indeed if Congress truly intended [§ 1001] to work a dramatic alteration in the law governing misconduct in the court system or the Legislature"). Still, the Supreme Court withheld judgment upon the question whether any other entity within the Legislative Branch might be an "agency"; indeed, the Court remarked that the House Disbursing Office, one of the entities involved in this case, "arguably [is] an agency within the meaning of § 1001." *Id.* at — n. 5, 115 S.Ct. at 1759 n. 5.

Thus the status of the House Disbursing Office remains unresolved. The Supreme Court reserved the question in *Hubbard,* as did we in *Rostenkowski.* Nevertheless the Government now suggests that the district court is precluded from holding on remand that the House Disbursing Office is an agency for the purpose of § 1001 because in *United States v. Dean,* 55 F.3d 640, 659 (D.C.Cir.1995), we stated that *Hubbard* "narrowed the reach of § 1001 to matters within the Executive Branch, a coverage consistent with both the common usage of 'department' and that term's definition in Title 18." That is an overreading of *Dean.* As the last-quoted clause indicates, we stated in *Dean* only that *Hubbard* controls our interpretation of § 1001 with respect to the question of what is a "department" of the United States. We had no occasion in *Dean* to interpret the term "agency"—the indictment alleged that Dean had made false statements to a "department of the United States," *viz.* the Senate Banking Committee—and we did not do so.

The Government errs also in suggesting that it would serve judicial economy for this court to determine in the first instance whether the House Disbursing Office is an agency within the meaning of § 1001. That question has never been briefed or argued in this court. As the Government well knows, however, it was fully briefed and submitted to the district court before the Government filed the present petition for rehearing.

Moreover, while the issue is ultimately one of statutory construction, it would not be surprising if the court found it necessary penultimately to resolve factual issues. *See Armstrong v. Executive Office of the President,* 1 F.3d 1274, 1290, 1295 (D.C.Cir.1993) (holding entity that functions solely to advise and assist President is not an agency under the Freedom of Information Act, and remanding case for district court to develop facts necessary to determine whether National Security Council is such an entity). Therefore, contrary to the Government's claim, there is little reason to think that we could economize on judicial resources by resolving the question whether the House Disbursing Office is an "agency" within the meaning of § 1001 before the district court has passed upon that question.

The Government raises various other arguments for rehearing, none of which warrants treatment in a published opinion. Accordingly, the petition for rehearing is

*Denied.*